## S. H. Baskin v. The State.

No. 13060. Delivered February 26, 1930.
Reported in 25 S. W. (2d) 621.

The opinion states the case.

*Art Schlofman* of Dalhart, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing a still; punishment, one year in the penitentiary.

The facts show that appellant had leased a tract of land upon which he lived. His nearest neighbor seems to have been four or five miles away. Some of appellant's children lived with him. On the occasion of a search of his premises made by officers, a still, mash and a quantity of whisky were found in an under-ground silo. This silo was connected with a tank by means of about 125 feet of hose which seems to have been buried. Appellant made statements to the officers which were admitted under the res gestae rule, and were sufficient to corroborate the proposition that the still was in his possession.

There are three bills of exception. The first of same seems to complain of the refusal of the trial court to permit testimony as to the reasonable market value of the still, apparatus, etc. It was contended that appellant was a poor man, and that he never at any time had as much as $300.00 with which to purchase such apparatus. The witness who was asked as to the reasonable market value of this still, was appellant's wife. Nothing in the record leads us to believe that said wife had qualified or that she was in possession of knowledge as to the market value of such things, and the bill shows no error.

The second bill of exception complains of the refusal of a requested charge to the effect that unless the still was located upon a certain section and block of land, being that described in the search warrant, the jury should acquit. The court properly refused to charge the jury as requested. That a line of a section of land may have run between appellant's residence and said silo which was located near by, would appear to have no effect upon the question of his guilt. The remaining bill of exception sought to have the jury told substantially as last above stated; that is, it sought to have the jury told that they could not consider the evidence as to

what was found by the officers unless it was found upon the section of land described in the affidavit and search warrant. Such charge would have been wholly improper. The under-ground silo in question, in which was found the still, etc., was close by appellant's residence. A well defined path led from the house to the place where the still was. No one else lived anywhere in the vicinity. The conclusion of appellant's possession appears irresistible.

The judgment will be affirmed.

*Affirmed.*